IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAYNE DOBSON,
Plaintiff,

v.                                                                      Case No. 20–CV–00299–JPG

COMMISSIONER OF SOCIAL SECURITY,
Defendant.

## MEMORANDUM & ORDER

This is a Social Security disability appeal. Before the Court is Plaintiff Dwayne Dobson's

Motion for Summary Judgment. (ECF No. 13). Defendant Commissioner of Social Security

("Commissioner") responded. (ECF No. 19). For the reasons below, the Court **DENIES** Dobson's

Motion, **AFFIRMS** the Commissioner's decision, and **DIRECTS** the Clerk of Court to **ENTER**

**JUDGMENT**.

### I.   PROCEDURAL & FACTUAL HISTORY

Dobson applied for Social Security Income (or "SSI") with the Social Security

Administration in 2016. (Application, ECF No. 11-5, at 2). His application was denied later that

year. (Notice of Disapproved Claim, ECF No. 11-4, at 6).

Dobson applied disability insurance benefits and Social Security Income again in 2017.

(Disability Determination & Transmittal, ECF No. 11-3, at 19–20). That  application too was

denied, (Explanation of Determination, ECF No. 11-4, at 10), and again on reconsideration,

(Notice of Disapproved Claim, ECF No. 11-4, at 34).

In 2018, Dobson requested a hearing before an administrative law judge ("ALJ"). (Request,

ECF No. 11-4, at 35). Before the hearing, Dobson wrote the ALJ asking to reopen his initial 2016

application. (Letter, ECF No. 11-6, at 102). More specifically, citing a Social Security Ruling that

permits the Social Security Administration to reopen prior determinations "[w]ithin 12 months . . . for any reason," Dobson requested that the 2016 application "be reopened and joined with his [2017] claim . . . ." (*Id.*) (citing 20 C.F.R. § 404.988).

Finally, in 2019, the ALJ held a hearing and **approved** Dobson's 2017 application for Social Security Income. (Decision, ECF No. 11-2, at 17). That said, the ALJ did "not find a basis for reopening" Dobson's initial 2016 application. (*Id.*). Rather, the ALJ found that Dobson "was disabled as of April 18, 2017, the date the [subsequent] application for supplemental security income was filed . . . ." (*Id.*). Dissatisfied, Dobson requested reconsideration by the Appeals Council:

> The judge's Notice of Decision states that he did "not find a basis for reopening the claimant's prior Title XVI application." This is [a] substantial misapplication of 20 C.F.R. § 404.988(a) and 20 C.F.R. § 416.1488(a). As stated, this current application was made within 12 months of the initial denial of his prior claim, and, therefore, should have been reopened and considered for the awarded of an additional year of benefits . . . . The ALJ determined an established onset date of April 18, 2017, with no apparent reason, except that this would be the earliest date Mr. Dobson is eligible for benefits . . . .

(Letter, ECF No. 11-4, at 88). When that request was denied, (Notice, ECF No. 11-2, at 2), he sought relief here under 42 U.S.C. § 405(g), (Dobson's Mot. for Summ. J. at 4).

## II.   LAW & ANALYSIS

Dobson's Motion for Summary Judgment posits two questions:

> (1)   Did the ALJ err by finding there was no basis for reopening [Dobson's] prior Title XVI application (20 C.F.R. 404.988 and 416.1488)?
>
> (2)   Did the ALJ err by failing to comply with the narrative discussion requirements of SSR 96-8p in the course of his RFC determination?

(Dobson's Mot. for Summ. J. at 3).

First, Dobson contends that "[t]he issue of reopening [his] April 29, 2016 application is governed by 20 C.F.R. § 416.1488." (Dobson's Mot. for Summ. J. at 4). As alluded, that regulation authorizes ALJs to reopen prior determinations (i.e., the closure Dobson's 2016 application) "[w]ithin 12 months . . . for any reason" or "[w]ithin 2 years" for "good cause." In brief, Dobson argues that the ALJ failed to provide adequate reasons for why he denied Dobson's request to reopen his 2016 application and join it with his 2017 claim, warranting a rehearing. The Court disagrees.

The Social Security Act authorizes judicial review of "any final decision of the Commissioner of Social Security made after a hearing . . . by a civil action commenced within sixty days . . . ." 42 U.S.C. § 405(g). It does not apply, however, to a refusal "to reopen a prior benefits determination," *Salinas v. U.S. R.R. Ret. Bd.*, 141 S. Ct. 691, 699 (2021), which is simply "a second look that the agency had made available to claimants as a matter of grace," *Smith v. Berryhill*, 139 S. Ct. 1765, 1777–78 (2019).

Dobson does not distinguish Supreme Court precedent that prohibits judicial review of decisions denying petitions to reopen. Rather, he points to another regulation that instruct ALJs to "include in the decision appropriate findings and rationale on the reopening a revision issue if issuing a favorable decision on the current application." (Dobson's Mot. for Summ. J. at 7) (quoting HALLEX § I-2-9-10)[1]. Yet the Supreme Court in *Califano v. Sanders* pointed to Social Security regulations for **support** in holding that decisions to reopen are <u>not</u> subject to judicial review:

---

[1] Available at https://www.ssa.gov/OP_Home/hallex/I-02/I-2-9-10.html.

> [Section 405(g) of the Social Security Act] clearly limits judicial review to a particular type of agency action, a "final decision of the [Commissioner] made after a hearing." But a petition to reopen a prior final decision may be denied **without a hearing** as provided in [§ 405(b)]. <u>Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the [Commissioner's] regulations and not by the Social Security Act.</u> Moreover, an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [§ 405(g)], to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits. Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

430 U.S. 99, 108 (1977) (emphasis added); *accord Diaz v. Chater*, 55 F.3d 300, 305 n.1 (7th Cir. 1995) ("[A] decision whether to reopen a case is not subject to judicial review . . . ."). This binding precedent—and Dobson's failure to address it—precludes judicial review of the ALJ's refusal to reopen Dobson's 2016 application.

Second, Dobson argues that the ALJ's finding that he was disabled as of April 2017 was not supported by substantial evidence. (Dobson's Mot. for Summ. J. at 8). He points to record evidence showing that he "was receiving regular, ongoing invasive procedures for his back pain in 2016 for the very same condition he alleged in his 2017 . . . application and which the ALJ found to be disabling as of" April 2017. (*Id.* at 9–10). In brief, Dobson contends that had the ALJ taken the time "to develop the record and . . . analyze that evidence in determining [his] onset date," then he might have reached a different conclusion about "Dobson's request to reopen his . . . 2016 application." (*Id.* at 9).

The Court rejects this argument as a veiled attempt to seek judicial review of the ALJ's refusal to reopen Dobson's 2016 application. "The standard of review in disability cases limits . . . the district court to determining whether the final decision of the [Commissioner] is both supported

— 4 —

by substantial evidence and based on the proper legal criteria." *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). But as discussed, a refusal to reopen is not a final decision of the Commissioner. And having refused to reopen Dobson's 2016 application, the ALJ was tasked with determining "the earliest date" that Dobson met "both the statutory definition of disability and the non-medical requirements for entitlement to benefits . . . covered by his" 2017 application. *See* SSR 18-01p, 2018 WL 4945639, at *2 (Oct. 2, 2018). The Commissioner, however, "cannot make SSI payments based on disability for the month in which the application was filed or any months before that month." *Id.* (emphasis added) (citing 42 U.S.C. § 1382(c)(7)). In other words, the earliest date that Dobson was entitled to SSI benefits on his 2017 application was when the application was submitted: April 2017. Dobson, of course, does not dispute the ALJ's finding that he was disabled when he submitted the 2017 application. Rather, he contends that there was also evidence showing he was disabled *before* 2017, which the ALJ should have considered alongside his request to reopen the 2016 application. Again, however, an ALJ's refusal to reopen an application is not subject to judicial review.[2] So even if the ALJ's decision to award benefits as of 2017 was not supported by substantial evidence, Dobson was not prejudiced because the ALJ awarded benefits as of the earliest possible date.

---

[2] That is, absent a constitutional question. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("[W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the extraordinary step of foreclosing jurisdiction unless Congress' intent to do so is manifested by clear and convincing evidence.") (cleaned up).

III.    **CONCLUSION**

The  Court  **DENIES**  Plaintiff  Dwayne  Dobson's  Motion  for  Summary  Judgment,

**AFFIRMS** Defendant Commissioner of Social Security's decision, and **DIRECTS** the Clerk of

Court to **ENTER JUDGMENT**.

**IT IS SO ORDERED.**

**Dated: Thursday, March 11, 2021**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
